**BEECHAM LABORATORIES, a Division of Beecham, Inc., a New Jersey Corporation domesticated in the State of Tennessee, with place of business in Bristol, Sullivan County, Tennessee, Appellant,**

v.

**Jayne Ann WOODS, Commissioner of Revenue, State of Tennessee, Appellee.**

Supreme Court of Tennessee.

Aug. 7, 1978.

Charles M. Gore, Gore & Hillman, Bristol, for appellant.

Brooks McLemore, Atty. Gen., David S. Weed, Senior Asst. Atty. Gen., Nashville, for appellee.

## OPINION

FONES, Justice.

Plaintiff brought this lawsuit to recover a tax assessment of $109,403.97 plus interest of $19,567.01, paid under protest to the Tennessee Department of Revenue. The validity of the assessment of $4,600 of this sum is not questioned here; the remainder represents use tax and interest assessed on the value of pharmaceutical samples stored at plaintiff's warehouse in Bristol, Tennessee, and from there distributed to destinations both inside and outside Tennessee. The majority of the pharmaceutical samples in question were manufactured by plaintiff in its Bristol plant, and the remainder were manufactured in plaintiff's Piscataway, New Jersey plant, or by other companies outside of Tennessee. After storage and inventory in the Bristol warehouse, the pharmaceutical samples are distributed to salesmen as needed for free distribution to doctors, and for subsequent free distribution to their patients.

After hearing proof, the Chancellor held that the decision of this Court in *Shopper's Guide Publishing Co. v. Woods*, 547 S.W.2d 561 (Tenn.1977), established that plaintiff's pharmaceutical samples stored in Tennessee were subject to the use tax under the Tennessee Retailers' Sales Tax Act, T.C.A. § 67–3001, et seq.[1]. Plaintiff appeals, asserting that no taxable event has occurred which makes it subject to the use tax. *Shopper's Guide* is not controlling in this case because that case did not involve an interpretation of the tax exemption created by T.C.A. § 67–3007.

It is the declared legislative intent that every sale or use of tangible personal property in Tennessee is subject to tax under the Retailers' Sales Tax Act, unless expressly exempted therein. T.C.A. § 67–3003; *Shopper's Guide Publishing Co. v. Woods, supra.*

The warehousing and distribution of plaintiff's samples is clearly within the statutory definition of "use" found in T.C.A. § 67–3002(h) as follows:

" 'Use' means and includes the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the

---

1. The tax in this case was assessed for the period from April 1, 1972, to March 31, 1975, and reference to statutes in this opinion will necessarily be to the statutes as they existed at that time. Tennessee Code Annotated § 67– 3012 was amended in 1977 to exempt certain storage of pharmaceutical samples from the sales and use tax, but this amendment is inapplicable to the period for which taxes were assessed in the instant case.

sale at retail of that property in the regular course of business."

Plaintiff's "use" or "storage" of these samples is clearly taxable under T.C.A. § 67–3003, as follows:

"It is declared to be the legislative intent that every person is exercising a taxable privilege . . . who uses or consumes in this state any item or article of tangible personal property as defined in this chapter, irrespective of the ownership thereof . . ., or who stores for use or consumption in this state any item or article of tangible personal property as defined in this chapter . . .."

There is no provision in the Retailers' Sales Tax Act exempting from tax those pharmaceutical samples stored for distribution in Tennessee; however, the samples which are either manufactured in this State for export or imported into this State for export are specifically exempted from sales and use taxes by the clear language of the first clause of T.C.A. § 67–3007. The statute provides as follows:

"It is not the intention of this chapter to levy a tax upon articles of tangible personal property imported into this state or produced or manufactured in this state for export; nor is it the intention of this chapter to levy a tax on bona fide interstate commerce. It is, however, the intention of this chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state."

The plain language of the first clause of this statute was construed as exempting property stored in this State for subsequent export in the case of *Young Sales Corp. v. Benson,* 224 Tenn. 88, 450 S.W.2d 574 (1970); that case is the one most analogous in recent history to the case at bar, and it is controlling here. In *Young Sales,* we held that the plaintiff-taxpayer was entitled to recover use taxes paid under protest on the value of industrial insulation materials stored in its Memphis warehouse and shipped to destinations outside the State. The following excerpt from *Young Sales* is especially relevant here:

"Defendant [the Commissioner of Revenue], while admitting that T.C.A. § 67–3007 expresses a plain intention not to tax goods imported into this state for export, contends, however, that this statute does express the intention to tax all property when it becomes a part of the mass of Tennessee property, to the extent that it may constitutionally do so under the Federal decisions dealing with the Commerce Clause.

.    .    .    .    .

"It is our opinion that defendant's contention would require a somewhat strained interpretation of this statute and would require ignoring the express language that goods imported into the state for export are not to be taxed." 224 Tenn. at 96–97, 450 S.W.2d at 577.

The State is again before us arguing this same proposition which was decided adversely to it in *Young Sales.*

The State relies heavily on *Vector Co. v. Benson,* 491 S.W.2d 612 (Tenn.1973), and *Texas Eastern Transmission Corp. v. Benson,* 480 S.W.2d 905 (Tenn.1972), in which it was said that the purpose of T.C.A. § 67–3007 is to confine application of the sales and use taxes to those subjects which a State is permitted to tax under the commerce clause of the United States Constitution, and thus the statute does not exempt any property from taxation if it is within the power of the state to tax it. Neither of these cases dealt with the clause here in question, and insofar as they purport to construe the first clause of T.C.A. § 67–3007, they are dictum.

*Texas Eastern Transmission Corp. v. Benson, supra,* involved the taxation of the sale of electricity to the taxpayer where the electricity was consumed in furthering the transmission of petroleum along the taxpayer's pipeline in interstate commerce. The case did not involve export of the commodity taxed; the electricity was sold in Tennessee and consumed in Tennessee, and

it was the sale, and not only the use, which triggered the tax. 480 S.W.2d at 909–910. The only implications of the case relative to T.C.A. § 67–3007 permissible under the facts are 1) the phrase "interstate commerce" in the second clause of the statute is a term of art meaning the same thing in the statute as it means when applied to the United States Constitution; and 2) the intent of the Legislature, expressed in the second sentence of the statute, to impose a retail sales tax is not further qualified by the subsequent language expressing an intent to levy a use tax on property which has "become a part of the mass of property in this state." This construction is based on standard application and usage of the English language. The complete elision of the express exemption created by the first clause, as urged by the Commissioner, cannot likewise be justified.

The case of *Vector Co. v. Benson, supra,* is likewise inapplicable to the instant case. That case involved the taxation of an airplane, purchased outside Tennessee, brought into the state, and hangered in Knoxville, from which point it was used in conducting the taxpayer's business in Tennessee and elsewhere. There appears to have been no serious contention in the case that flying the aircraft in and out of the state constituted "export." The taxpayer argued that the aircraft could not be taxed by the State because it would be a tax on interstate commerce. This Court referred to Federal Constitutional authority for its determination that taxation of the aircraft was not a tax on interstate commerce because, under the holding of *Texas Eastern Transmission Corp.,* the meaning of that phrase as applied to the United States Constitution is determinative of its meaning in T.C.A. § 67–3007.

Had the Legislature intended that the sole purpose of T.C.A. § 67–3007 was merely to confine application of the sales and use tax to constitutional limits, that purpose could easily have been accomplished by straightforward language to that effect. A plain reading of the statute indicates that the Legislature intended to create a class of property exempt from the use tax, and we must give effect to this language as written.

As noted above, those drug samples which were ultimately distributed in Tennessee are subject to the use tax under the provisions of T.C.A. § 67–3003. Because the Chancellor's finding in the case rendered unnecessary a determination of the value or applicable tax on these samples, we must remand the case for a determination of the tax not inconsistent with this opinion.

Affirmed in part; reversed in part.

Costs are assessed against appellee.

HENRY, C. J., COOPER and HARBISON, JJ., and OLIVER, Special Judge, concur.