**NASCO, INC., Plaintiff/Appellant,**

v.

**Donald W. JACKSON, Commissioner of Revenue, State of Tennessee, Defendant/Appellee.**

Supreme Court of Tennessee,
at Nashville.

March 21, 1988.

James C. Gooch, Michael D. Sontag, Bass, Berry & Sims, Nashville, for plaintiff/appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Joe C. Peel, Asst. Atty. Gen., Nashville, for defendant/appellee.

## OPINION

HARBISON, Chief Justice.

Appellant filed this action for refund of sales and use taxes under the Tennessee Retailers' Sales Tax Act, T.C.A. §§ 67–6–101 to 67–6–712. The Chancellor denied relief. After careful consideration of the record, we affirm.

The facts were stipulated. Appellant is a Tennessee corporation with its principal office in Springfield, Tennessee. It is engaged in the manufacture and sale of various types of sporting goods and other merchandise upon which it places logos and emblems of many of its customers, such as high school bands and other groups. It employs sales representatives in most of the states. Many of its products are marketed through schools and school-related organizations, and these share in proceeds of sales.

Appellant manufactures advertising brochures and distributes them to its sales representatives both within and outside of Tennessee. These brochures are often given by sales representatives to student groups who use them to consider the various products and to take orders for merchandise from appellant. The brochures are retained by the customers and are not returned to appellant.

Many of the brochures are prepared entirely by appellant at its facilities in Springfield. It then ships the brochures to various sales representatives. It claims no exemption for those brochures sent to sales representatives within the state.

For larger brochures and seasonal catalogues, appellant performs design, art, layout and photographic work and purchases the necessary supplies, including paper. It then subcontracts with various printing companies for the printing of these kinds of advertising materials. When those materials are completed, they are either shipped directly to sales representatives of

appellant or shipped to appellant which in turn sends them to sales representatives.

Appellant purchases large quantities of paper, ink, film, chemicals and other tangible products as well as printing services. Some of these are purchased from Tennessee vendors and others from out-of-state vendors. In all instances, tangible components are sent to appellant's Springfield plant.

Following an audit in 1982, appellant was assessed a sales tax deficiency on a number of items. All disputes between the parties have been resolved, however, except for the taxability of the components of the brochures and of printing services related thereto. In each instance appellant was assessed on the cost price which it paid to its respective vendors.

Appellant concedes that ordinarily its purchases of components for its advertising materials would be taxable in Tennessee, whether the purchases were made in the state or from vendors in other states. Appellant concedes that all of the transactions involved are within the taxing power of the State, and it raises no constitutional issues as to the validity of any applicable statutes, rules or regulations. Appellant also makes no claim of exemption under the Commerce Clause of the Constitution of the United States. The only issue is one of statutory interpretation and application.

It was stipulated between the parties that appellant

"... is a registered dealer and files sales and use tax returns with the Tennessee Department of Revenue. NASCO as a registered dealer makes purchases free of tax and subsequently pays any sales or use tax owing on its sales and use tax returns."

At oral argument it was stated that appellant is a "Rule 62" taxpayer. The reference is to Rule 1320–5–1–.62, entitled "Sales for Resale".

T.C.A. § 67–6–102(13)(A) exempts sales for resale from the definition of ordinary retail sales. It provides, however, that

sales for resale must be made "in strict compliance with rules and regulations."

Rule 1320–5–1–.68(1) provides:

"Dealers shall require certificates of resale for all tangible personal property sold or services rendered in this State, for the purpose of resale, and such certificates must be available at the establishment of the dealer for ready inspection and comparison with the deductions claimed on monthly Sales and Use Tax returns. A dealer duly registered under the provisions of the Sales Tax Act and continually engaged in the business of selling tangible personal property or taxable services at retail may present evidence to his wholesaler or supplier as to his registration as a retailer, and shall not be required to execute additional certificates of resale for individual purchases as long as there is no change in the character of his operation, and the purchases are of tangible personal property or taxable services of a sort usually purchased by the purchaser for resale."

Appellant concedes that its purchases of advertising goods and services from vendors were made under its resale certificate. Presumably its purchases of components for its manufactured products, such as sports jackets and handbags, were also made under such a certificate. The latter products are not involved in this case because they were obviously manufactured for resale. The advertising materials were not.

Rule 1320–5–1–.68(3) provides:

"Certificates of resale may not be used to obtain tangible personal property or taxable services to be used by the purchaser, and not for resale; such use shall be grounds for the Commissioner to revoke the registration certificate of the dealer wrongfully making use of such certificate of resale."

The rule further provides, in accordance with statutory authority,[1] that it is a misdemeanor for the holder of such a certificate to use the certificate "for the purpose of obtaining tangible personal property or tax-

1. T.C.A. § 67–6–607.

able services without the payment of the Sales or Use Tax when it is due."

Another rule prohibits wholesalers or vendors from selling under a resale certificate when the vendor knows or reasonably should know that the sale

"... is not for resale by the purchaser, but is for the purchaser's own use or consumption in his business or otherwise...." Rule 1320–5–1–.68(4).

Appellant did not file in evidence its registration certificate. It does not contend, however, that it has any special exemption from the Commissioner from the requirements imposed upon all other registered dealers.

Rule 1320–5–1–.62, captioned "Sales For Resale" provides:

"(1) 'Sales for resale' means those whereby a supplier of materials, supplies, equipment and services makes such tangible personal property or services available to legitimate dealers actually selling such property or services as such, or which becomes (*sic*) an industrial material or supply in a manufacturing or processing operation."

Where goods or services do become component parts of "articles of tangible personal property for resale" or are used incidentally "to the sale of such property for resale," their aquisitions from vendors are not included in the definition of "retail sales." T.C.A. § 67–6–102(13)(F). There is no such exclusion or exemption, however, when a vendee such as appellant uses or consumes such components in its own business operations insofar as the issues in the present case are concerned.

■ As previously stated, appellant has not challenged the validity of the foregoing rules and regulations under which it holds the resale certificate utilized by it in purchasing component goods and services from its vendors. These rules expressly prohibit such purchases without payment of the appropriate sales or use tax unless the purchases are made for purposes of resale. Appellant did not so utilize the components in connection with its advertising brochures. Therefore, in our opinion, it is liable for the taxes which otherwise would admittedly be due on those transactions. Had it not been for appellant's resale certificate, the Tennessee vendors to appellant would have been required to collect sales taxes when they sold to appellant, and appellant would have been liable for use taxes upon purchases which it made from vendors in other states.

Appellant claims exemption under the provisions of T.C.A. § 67–6–313(a) which provides:

"It is not the intention of this chapter to levy a tax upon articles of tangible personal property imported into this state or produced or manufactured in this state for export; ..."

Appellant relies upon the case of *Beecham Laboratories v. Woods*, 569 S.W.2d 456 (Tenn.1978), in which the taxpayer was allowed an exemption for pharmaceutical samples which were to be distributed to its salesmen in other states. Insofar as applicable here, the facts are stated in the opinion as follows:

"The majority of the pharmaceutical supplies in question were manufactured by plaintiff in its Bristol plant, and the remainder were manufactured in plaintiff's Piscataway, New Jersey plant, or by other companies outside of Tennessee. After storage and inventory in the Bristol warehouse, the pharmaceutical samples are distributed to salesmen as needed for free distribution to doctors, and for subsequent free distribution to their patients." 569 S.W.2d at 457.

It is clear that in the *Beecham* case, *supra*, the issues involved here were neither raised by the parties nor considered by the Court. The assessment in that case was predicated upon the taxpayer's use of the pharmaceutical samples in storing them in Tennessee, then withdrawing them from a Tennessee warehouse and distributing them to salesmen in other states. The case did not involve a sales tax, nor did it involve a purchase for resale by the taxpayer under a resale certificate.

There are numerous exemptions in the sales and use tax statutes. The decisions construing and interpreting the statutes

obviously are addressed to the issues raised by the parties. In the *Beecham* case the storing and withdrawal from inventory in Tennessee were claimed to be taxable uses, and the Commissioner sought to distinguish the earlier case of *Young Sales Corporation v. Benson,* 224 Tenn. 88, 450 S.W.2d 574 (1970), which was also a use tax case. In *Beecham* the Court was concerned with the use of the materials after their fabrication or importation, not with the transactions by which the taxpayer acquired the components.

In the present case the taxpayer acquired the component goods and services without being charged either a sales or a use tax. It did not acquire them for resale but for its own use. Under those circumstances the rules of the Commissioner and the statutes dealing with component parts do not exempt the purchases by the taxpayer. The statute relied upon by the taxpayer, as construed in *Beecham,* would exempt the activities of their storage and exportation which otherwise might constitute taxable privileges.

We agree with appellant that there is no legislative intent in the sales and use tax statutes to levy more than one tax on the same goods and services. This is clear from such provisions as those contained in T.C.A. § 67-6-507, allowing credits and adjustments when a registered dealer has been required to pay sales or use taxes to another jurisdiction. Although appellant insists that the states to which it exports its brochures are the proper jurisdictions to tax appellant's use of the brochures therein, there is no suggestion that it has been assessed in any other state for such use or that it has voluntarily paid use taxes in any other state.

■ We are unable to agree with appellant that the imposition of taxes upon its components renders meaningless the exemption provided in T.C.A. § 67-6-313(a). As illustrated in *Beecham* and *Young Sales, supra,* in some contexts and under some circumstances it is a most important exemption. However, cases arising under this exemption generally have not dealt with the taxpayer's original acquisitions of goods without payment of sales or use taxes upon their costs where no resale is contemplated. The exemption of registered dealers under Rule 62 is coupled under the applicable statutes and regulations with a requirement that the dealer actually resell goods and services or manufacture products for resale. Otherwise the dealer's purchases are taxable. *See Scholl, Inc. v. Jackson,* 731 S.W.2d 893 (Tenn.1987).

In our opinion the Chancellor correctly resolved the issues between the parties. The judgment of the trial court is affirmed at the cost of appellant, and the cause is remanded to that court for collection of costs accrued there and for any further proceedings which may be necessary.

FONES, DROWOTA, O'BRIEN, JJ., and CORNELIUS, Special Judge, concur.