IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2003 Session

**BELLSOUTH ADVERTISING AND PUBLISHING COMPANY v. RUTH JOHNSON, COMMISSIONER OF REVENUE, STATE OF TENNESSEE**

Appeal by permission from the Court of Appeals, Middle Section
Chancery Court for Davidson County
No. 97-2643-II and 98-748-I (II)     Claudia Bonnyman, Special Chancellor

No. M2000-03091-SC-R11-CV - Filed March 12, 2003

In this use tax case, we address the issue of whether or not the plaintiff should receive a credit under Tennessee law for sales tax it paid to the State of Alabama on the purchase of photocompositions used in printing telephone directories that were later distributed in Tennessee.  Under Tennessee Code Annotated section 67-6-203(a) (1998), a use tax

> is levied at the rate of six percent (6%) of the *cost price* of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided, that *there shall be no duplication of the tax*.

(Emphasis added).  To avoid duplication of the tax, Tennessee Code Annotated section 67-6-507(a) (1998) provides a credit for like taxes paid to other states on tangible personal property.  The trial court and the Court of Appeals both found that the plaintiff was not owed a credit for sales tax paid to Alabama for the photocompositions, since there was no "like tax" paid on the telephone directories.  We conclude that the plaintiff is entitled to a credit because the cost of the photocompositions on which the Alabama sales tax was paid is included in the cost of the directories on which Tennessee is seeking to impose a use tax.  Accordingly, we reverse the judgments of the trial court and the Court of Appeals and grant summary judgment to the plaintiff.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals Reversed;**
**Judgment of the Trial Court Reversed**

FRANK F. DROWOTA, III, C. J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

James W. McBride, Washington, D.C., and Brigid M. Carpenter, Nashville, Tennessee, for the appellant, BellSouth Advertising and Publishing Company.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Wyla M. Posey, Assistant Attorney General, for the appellee, Ruth Johnson, Commissioner of Revenue, State of Tennessee.

## OPINION

### Factual Background

The plaintiff in this sales and use tax case is BellSouth Advertising and Publishing Corporation ("BAPCO"), a Georgia corporation and a registered dealer with the defendant, the Tennessee Department of Revenue (the "Department"). BAPCO produces and distributes telephone directories, which are provided to telephone customers free of charge. BAPCO derives its revenue from selling advertising space in the directories.

BAPCO compiles information to be included in the directory, including advertising data, white pages listing data, customer page data, and community interest page data. This information is then typed onto photocompositions, which are used to transfer the text to printing plates. The plates are then used to print the directories.

During the time period in question, BAPCO purchased the photocompositions from TechSouth, an Alabama company. TechSouth used information supplied by BAPCO to create the photocompositions and then sold the photocompositions to BAPCO. BAPCO paid 1.5% sales tax to Alabama on these purchases, totaling $165,413.72. The photocompositions were used by another company, Steven Graphics, Inc., to print the directories; Steven Graphics also bound the directories and prepared them for distribution. The photocompositions were destroyed following their use.

The Department conducted an audit of BAPCO in 1997 for the period of January 1, 1989, through December 31, 1994. At the conclusion of this audit, the Department issued an assessment for sales and use tax liability against BAPCO in the amount of $125,179.87. During the audit, BAPCO realized that it had not claimed a credit for the sales tax paid in Alabama on the photocompositions; it asked the auditor to allow such credit under Tennessee Code Annotated section 67-6-507(a) as part of the audit. If allowed, the credit would have been sufficient to offset the tax assessment. The auditor refused, and BAPCO filed a claim for a refund with the Department on June 27, 1997.

The Department denied the claim, and BAPCO filed a complaint on August 7, 1997, challenging the assessment. BAPCO filed a second complaint on March 11, 1998, claiming a refund for the amount of Alabama sales tax paid on the photocompositions. The cases were consolidated in June 1998. Both parties filed motions for summary judgment in July 2000, and the Special Chancellor granted the Department's motion for summary judgment.

BAPCO appealed to the Court of Appeals, asserting that the trial court erred in granting summary judgment to the Department and in not granting summary judgment to BAPCO, and that

the Department's refusal to allow a credit violates the Commerce Clause of the federal Constitution by discriminating against BAPCO as an out-of-state vendor. The Court of Appeals upheld the decision of the trial court, characterizing Tennessee Code Annotated section 67-6-507 as an exemption statute and finding that to "come within the exemption described in Tenn. Code Ann. § 67-6-507(a) the property must be the same property on which a tax is paid in another state. The directories are not the same as the photocompositions." Furthermore, the Court of Appeals held that the Department's refusal to allow a credit did not violate the Commerce Clause.

We granted BAPCO's application for permission to appeal and now reverse the judgment of the Court of Appeals. We find that the trial court should have granted summary judgment to BAPCO.

## Standard of Review

"Our review of a trial court's award of summary judgment is de novo with no presumption of correctness, the trial court's decisions being purely a question of law." Scott v. Ashland Healthcare Ctr., Inc., 49 S.W.3d 281, 285 (Tenn. 2001) (citing Mooney v. Sneed, 30 S.W.3d 304, 306 (Tenn. 2000)). Summary judgment is appropriate where there is no genuine issue of material fact relevant to the claim or defense and where the movant is entitled to judgment as a matter of law on the undisputed facts. See Tenn. R. Civ. P. 56.03; Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997); Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).

## Analysis

Tennessee's use tax is imposed by Tennessee Code Annotated section 67-6-203 (1998), which states,

> Property used, consumed, distributed or stored. - (a) A tax is levied at the rate of six percent (6%) of the *cost price* of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided, that *there shall be no duplication of the tax*.

(Emphasis added). "[C]ost price" is defined in Tennessee Code Annotated section 67-6-102(6) (2001) as the "actual cost of articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor, or service costs, transportation charges, or any expenses whatsoever."

The mandate in Section 67-6-203(a) that there shall be no duplication of the tax is implemented by Tennessee Code Annotated section 67-6-507(a) (1998), which provides as follows:

The provisions of this chapter do not apply with respect to the use, consumption, distribution or storage of tangible personal property for use or consumption in this state, upon which a like tax equal to or greater than the amount imposed by this chapter has been paid in another state, the proof of payment of such tax to be according to rules and regulations made by the commissioner. *If the amount of tax paid in another state is not equal to or greater than the amount of tax imposed by this chapter, then the dealer shall pay to the commissioner an amount sufficient to make the tax paid in the other state and in this state equal to the amount imposed by this chapter.*

(Emphasis added.)

In this case, the Department is imposing a use tax on directories distributed by BAPCO in Tennessee. The tax is based on the cost price of the directories, which consists of the cost of the photocompositions as well as the cost of printing and other expenses. BAPCO contends that the trial court and Court of Appeals erred by finding that BAPCO did not deserve a credit under Section 67-6-507(a) because a "like tax" paid on "tangible personal property" was not paid on the directories. BAPCO argues that because the cost of the photocompositions was included in the cost price of the directories, it has paid a "like tax" on that part of the cost of the directories that is attributable to the cost of the photocompositions.

A brief review of the purpose of use taxes is necessary for the proper application of the tax laws to this case. As the language of Tennessee Code Annotated sections 67-6-203 and 67-6-507(a) indicates, the use tax is a complement, not a supplement or an addition, to the sales tax. In <u>Young Sales Corp. v. Benson</u>, 450 S.W.2d 574 (Tenn. 1970), this Court stated,

Professor Paul J. Hartman, in the January, 1961 Bulletin, Section of Taxation, American Bar Association, p. 32, has aptly characterized the nature and purpose of use taxes as '. . . a levy on the privilege of using within the taxing state property purchased outside the state, if the property would have been subject to the sales tax had it been purchased at home.'

This same dominant theme of the Use Tax was expressed by this Court in <u>Broadacre Dairies v. Evans</u> (1952), 193 Tenn. 441, 246 S.W.2d 78, as follows:

'The Use Tax is a tax on the enjoyment of that which was purchased after a sale has spent its interstate character. <u>McLeod v. J. E. Dilworth Co.</u>, 322 U.S. 327, 64 S.Ct. 1023, 88 L.Ed. 1304. It is a compensating tax to place Tennessee manufacturers and merchants on a parity with nonresidents doing business in the State. It prevents undue discrimination against local retailers. Its chief function is to prevent the evasion of the Tennessee Sales Tax by persons purchasing tangible personal property outside of Tennessee for 'storage, use, or consumption' within the State. It thus prevents unfair competition on the part of out of State

merchants. Thus when we take the use tax portion of the Act as complementary to the Sales Tax when taken and applied together they provide a uniform tax upon either the sale or the use of all tangible personal property irrespective of where it may be purchased. These two taxes are complementary and functional parts of one system of taxation.'

Further evidence of the legislative intention that the Use Tax is to be applied primarily to prevent evasion of the sales tax is found in T.C.A. § 67-3008 [now § 67-6-507], which allows a credit against the use tax for any sales or use tax paid in another state.

450 S.W.2d at 576.

Similarly, this Court stated as follows in Nasco, Inc. v. Jackson, 748 S.W.2d 193 (Tenn. 1988):

We agree with appellant that there is no legislative intent in the sales and use tax statutes to levy more than one tax on the same goods and services. This is clear from such provisions as those contained in T.C.A. § 67-6-507, allowing credits and adjustments when a registered dealer has been required to pay sales or use taxes to another jurisdiction.

748 S.W.2d at 196.

The Department argues that a "like tax" has not been paid on the directories, therefore Tennessee Code Annotated section 67-6-507(a) should not apply. The Department's brief states that BAPCO paid a "completely separate, non-complementary sales tax . . . on the purchase of an item [the photocompositions], the use of which was never taxed in Tennessee." It is clear that, had Alabama imposed a sales tax on the sale of the printed directories to BAPCO, the amount of tax paid to Alabama would be credited to BAPCO under Tennessee Code Annotated section 67-6-507(a), such that the total tax paid on the directories under Section 67-6-203(a) was equal to 6% of the cost price. The Department asserts that since Alabama taxed only the sale of the photocompositions and not the finished product, BAPCO does not deserve a credit.

However, Tennessee's use tax is based on the cost price of the directories, and the cost of the photocompositions is part of the cost price, thus one cannot separate the photocompositions from their finished tangible product: the directories. Because the base of the Tennessee use tax on the directories includes the cost of the photocompositions, the Tennessee use tax is imposed on the photocompositions. As stated above and mandated by Section 67-6-203, the use tax is a complement to the sales tax, and the legislature did not intend to apply both taxes to the same goods. If the Department's argument prevails, however, the photocompositions, sold to BAPCO in Alabama and "used" in Tennessee as part of the directories, would be subject to both taxes.

Tennessee Code Annotated section 67-6-507(a) covers this situation, requiring that a credit be made to the taxpayer such that the total tax paid under Section 67-6-203(a) is 6%.

In finding for the Department, the Court of Appeals relied on Kingsport Publishing Corp. v. Olsen, 667 S.W.2d 745 (Tenn. 1984) and Ruralist Press, Inc. v. Florida Department of Banking and Finance, 429 S.2d 1270 (Fla. Dist. Ct. App. 1983). This Court, however, does not find either decision persuasive.

In Kingsport, the plaintiff sought an exemption from use taxes on items used in the publication of newspapers, including graphs and charts purchased for illustrating news stories. The Court, strictly construing the exemption statute, found that since the images did not become component parts of the finished products, they were not eligible for the exemption. The Court of Appeals said that this case is analogous to Kingsport, thus, to "come within the exemption described in Tennessee Code Annotated section 67-6-507(a), the property must be the same property on which a tax is paid in another state." Since the directories are not the same as the photocompositions, the Court of Appeals found that Section 67-6-507(a) did not apply.

However, Kingsport involved a different statute from Section 67-6-507(a). The statute interpreted by the Kingsport court is currently codified as Tennessee Code Annotated section 67-6-102(24)(E)(i), and it exempts certain items of personal property from taxes based on their sale, use, storage, or consumption. In contrast, the present case involves Tennessee Code Annotated section 67-6-507(a), which carries out the mandate of the tax-imposing statute, Section 67-6-203(a), that "there shall be no duplication of tax," by allowing a credit, not an exemption, for "like tax[es]" already paid to another state. Under the Supreme Court's analysis in Kingsport, the costs of the items at issue would not have been included in the cost of the finished product.

BAPCO does not suggest that the photocompositions should be exempted from the tax, as did the plaintiff in Kingsport. Instead, BAPCO argues that it should get credit for tax already paid to avoid double taxation. BAPCO does not contest the fact that the cost of the photocompositions is included in the cost price of the directories, but it rightly asserts that since the cost of the photocompositions is included in the cost price, BAPCO should receive credit for tax previously paid on their cost.

The facts of Ruralist Press are similar to those of this case, but the components at issue in Ruralist Press were printing plates rather than photocompositions. The Court of Appeals quoted the Florida appellate court's statement that "Florida is not taxing the use of the plates" to show that since Tennessee was not taxing the use of the photocompositions, there is no double taxation. However, the Florida court's one-page opinion gave no explanation for its decision. The opinion provides in its entirety as follows:

> Ruralist Press and Southern Bell appeal an order denying a use tax refund. We affirm.

Ruralist prints telephone directories for Southern Bell. These books are printed in Georgia using lithographic plates. The books are delivered into interstate commerce and, therefore, no sales tax is paid to Georgia. Florida collected a use tax on the books delivered here. The lithographic plates stay in Georgia and a sales tax on the plates is collected in Georgia.

The tax on books is assessed based on the cost price of the books, Section 212.05(1)(b), Florida Statutes (1981). Cost price is defined in Section 212.02(5) as actual cost without deductions for materials used. Rule 12a-1.27(3) F.A.C. defines the cost of printed materials as including the cost of lithographic plates.

Ruralist contends that including the cost of plates when a sales tax is paid on the plates violates Section 212.06(7), exempting from use tax property upon which a like tax has been paid. We disagree.

Florida is not taxing the use of the plates. No argument is made that cost price is not the appropriate measure of value. Rule 12A-1.27(3) is a reasonable interpretation of the statutes.

429 So.2d 1270.

The distinction made by the Florida court, and argued by the Department, that the taxes on the plates/photocompositions and taxes on the directories are wholly separate, is illusory, and we decline to adopt it. The taxation of the cost of the directories is necessarily the taxation of the cost of the photocompositions, and, under Tennessee Code Annotated section 67-6-507(a), BAPCO should be allowed a credit for sales tax already paid to Alabama on the photocompositions. We must reach this conclusion for reasons of simple math: The photocompositions were taxed at a rate of 1.5% of their cost by the state of Alabama. In computing Tennessee's use tax on the phone directories, BAPCO must include the cost of the photocompositions in the cost price of the directories, on which the 6% use tax is based. Thus, effectively, BAPCO pays 7.5% tax on the cost of the photocompositions, which causes the overall tax on the directories to be greater than 6%, the rate of the use tax prescribed by Tennessee Code Annotated section 67-6-203(a). This is prohibited by Tennessee Code Annotated section 67-6-203, which states that "there shall be no duplication of the tax."

Having determined that BAPCO should be allowed a credit under Tennessee Code Annotated section 67-6-507(a), we need not address BAPCO's Commerce Clause Violation Claim.

## Conclusion

For the reasons stated herein, the judgment of the Court of the Appeals is reversed. The judgment of the trial court is reversed, and summary judgment is entered in favor of BAPCO. This

-7-

case is remanded to the trial court for the awarding of attorney's fees and expenses of litigation to BAPCO, in accordance with Tennessee Code Annotated section 67-1-1803(d). Costs of this appeal are taxed to the Tennessee Department of Revenue.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE