IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 27, 2009 Session

## JULIANNA WALKER and MARY S. WHITE
v.
## CALVIN BEASLEY, JIMMIE BEASLEY, JACK S. HALL, JR., MARY HALL, JOHN CHORLEY, TAYLOR-MADE CONSTRUCTION, INC., TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, WILLIAM R. PASCHALL, and JUNE RASMUSSEN

Appeal from the Chancery Court for Tipton County
No. 24744    David G. Hayes, Senior Judge

_____

No. W2009-00118-COA-R3-CV - Filed December 15, 2009

_____

This appeal involves insurance coverage. The plaintiffs purchased an undeveloped parcel of real property and hired a contractor to build a house on it. After the house was constructed, the plaintiffs discovered that cleared timber was buried underneath the land on which the house stood. Thereafter, the house developed structural problems, such as foundation cracks and non-alignment of doors and windows. The plaintiffs made a claim for coverage under their homeowners insurance policy; however, the insurer denied the claim, citing an exclusion of coverage for damages resulting from settling. The plaintiffs filed suit against *inter alia* the insurer alleging breach of contract and bad faith, and the plaintiffs and the insurer filed cross-motions for summary judgment. After conducting a hearing on the matter and considering expert testimony that the damage was caused by settling, the trial court granted the insurer's motion for summary judgment. The plaintiffs now appeal, arguing that the settlement in this case is so excessive as to remove it from the ordinary meaning of the term "settling." We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Bill M. Wade, Memphis, Tennessee for the Plaintiffs/Appellants Julianna Walker and Mary S. White

Don G. Owens, III, Memphis, Tennessee for the Defendant/Appellee Tennessee Farmers Mutual Insurance Company

# OPINION

## FACTS AND PROCEEDINGS BELOW

In July 2004, Plaintiffs/Appellants Julianna Walker and Mary S. White (collectively, "Owners") purchased an undeveloped parcel of land in Brighton, Tipton County, Tennessee, from Defendants William Paschall and June Rasmussen. The Owners hired Defendants John Chorley and Taylor-Made Construction, Inc. ("Taylor-Made"), to build a house on the parcel of land. Construction was completed later that year, and the Owners began residing in the house.

In 2005, the Owners had an area behind the house excavated to add a swimming pool. At that time, they discovered buried debris such as timber beneath the surface of the property. The debris had decayed to such a degree that the excavation equipment sank into the earth.

In 2006, the Owners began to notice structural problems in their new house. Cracks in the foundation, brickwork and drywall of the house appeared, and doors and windows became out of alignment. An inspection by a licensed engineer indicated that the structural problems were caused by the house sinking into the ground, a result of the debris under the ground on which the house was built.

The Owners then filed a claim for coverage under their homeowners insurance policy, issued by Defendant/Appellee Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"). Citing an exclusion from coverage for damage caused by "settlement," Tennessee Farmers denied the claim.[1]

---

[1] The insurance policy provided as follows:

**Losses Insured and Exclusions to Those Losses**

**We** cover accidental direct physical loss to property insured under **Coverage A - Dwelling** and **Coverage B - Other Structures.** **We** do not cover such loss resulting directly or indirectly from:

  1. a. . . .
   . . . .
    f. settling, cracking, shrinkage, bulging or expansion of pavement, patios, foundations, walls, floors, roofs, or ceilings;
   . . . .

**Additional SECTION I Exclusions**

Under **SECTION I we** do not cover any loss resulting directly or indirectly from any of the excluded events listed below. **We** do not cover such loss for anyone regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

  1. . . .
  2. Earthquake, landslide, mudflow, mine subsidence, erosion, earth sinking or rising or shifting, or

(continued...)

In March 2007, the Owners filed the instant lawsuit naming as defendants Calvin Beasley, Jimmie Beasley, Jack S. Hall, Jr., Mary Hall, John Chorley, Taylor-Made, and Tennessee Farmers. The complaint alleged that, in April 1996, Calvin and Jimmie Beasley conveyed the subject parcel to Jack and Mary Hall, who, on the same day, conveyed it to William R. Paschall and June Rasmussen. The complaint asserted that the Beasley defendants and Jack S. Hall, Jr. cleared the trees off the parcel of land for the purpose of development and then buried the timber and other debris in a concealed pit under the construction site. The Owners asserted claims for negligent nondisclosure against the Beasleys, the Halls, Chorley, and Taylor-Made, and for fraudulent nondisclosure and fraudulent concealment against the Beasleys and the Halls. They asserted negligence and breach of contract as to Chorley and Taylor-Made. The complaint asserted breach of contract and bad faith as to Tennessee Farmers.

Thereafter, both the Beasley defendants and the Hall defendants were dismissed by consent. The complaint was amended to add William R. Paschall and June Rasmussen as defendants. After that, Tennessee Farmers filed an answer denying the Owners' claims and asserting an exclusion from coverage in the insurance policy for damage caused by settling. Discovery ensued.

The Owners and Tennessee Farmers then filed cross-motions for summary judgment. Apparently the ruling on the cross-motions for summary judgment was deferred until completion of further discovery. Thereafter, the depositions of the Owners and their expert witness, Mr. Barney Hitt ("Hitt"), a structural engineer, were filed in the record.

In Hitt's deposition, he described the problems that the house had developed, such as cracks in the brick and doors that would no longer close properly. He expressed the opinion that this was caused by differential settlement of the footing of the house. Hitt testified that the term "settling" meant slowly sinking. He said that such excessive settling could be caused by organic materials in the soil under the house, which decays, creating a void in the soil, and ultimately uneven settlement. Hitt testified that he could not think of anything other than "settling of the foundation or shrinkage" that could have caused the damage to the Owners' home.

The trial court[2] then conducted a hearing on the cross-motions for summary judgment. In an order entered in December 2008, the trial court granted Tennessee Farmers' motion for summary judgment and denied the Owners' motion as it pertained to Tennessee Farmers. The trial court made the order final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

The Owners then filed a motion for permission to file an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which the trial court granted. This Court designated the Owners' appeal as an appeal of right pursuant to Rule 3 of the Tennessee Rules of

[1](...continued)
eruption, explosion or effusion of a volcano. . . .

[2]By order of the Tennessee Supreme Court, David G. Hayes, Senior Judge, was assigned to the case after Chancellor Martha B. Brasfield recused herself.

Appellate Procedure, because the order from which the Owners appealed was a final judgment and the requirements to perfect an appeal of a final judgment had been met.[3]

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, the Owners assert that the trial court erred in granting summary judgment to Tennessee Farmers. The grant of summary judgment is reviewed *de novo* with no presumption of correctness. *See Matthews Partners, LLC v. Lemme*, No. M2008-01036-COA-R3-CV, 2009 WL 3172134, at *3 (Tenn. Ct. App. Oct. 2, 2009) (citing *Bellsouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003)). Upon review, "[t]his Court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied." *Id.* (citing *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997)). As such, we must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04.

## ANALYSIS

The Owners argue that the trial court erred in granting summary judgment to Tennessee Farmers. They assert that the exclusion of coverage in their homeowners insurance policy for damages caused by "settling" does not apply to their claim, because the settlement in this case is so excessive and extraordinary that it is more accurate to refer to it as "collapse" instead of mere "settling." We must respectfully disagree.

"The interpretation of a written contract is a matter of law, rather than a matter of fact." *Covert v. Covert*, No. E2000-00864-COA-R3-CV, 2000 WL 1877514, at *4 (Tenn. Ct. App. Dec. 27, 2000) (citing *Hamblen County v. City of Morristown*, 656 S.W.2d 331, 335-36 (Tenn. 1983)). "In 'resolving disputes concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language.'" *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 889-90 (Tenn. Ct. App. 2002) (quoting *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)).

Here, the Tennessee Farmers insurance policy plainly excludes coverage for losses resulting from "settling, cracking, shrinkage . . . of . . . foundations, walls, [or] floors. . . ." The Owners' expert witness, Hitt, testified that the damage to the Owners' house occurred due to settling. Certainly the settling was excessive, but it was settling nonetheless. Upon review of the record as a whole, we must conclude that the trial court did not err in denying the Owners' motion for summary judgment as to Tennessee Farmers, or in granting summary judgment in favor of Tennessee Farmers.

---

[3] Once an order has been properly designated as final under Rule 54.02 of the Tennessee Rules of Civil Procedure, it is considered a final and appealable order. *Benton County v. Chumney*, No. W2008-02697-COA-R3-CV, 2009 WL 2868834, at *4 (Tenn. Ct. App. Sept. 8, 2009). Thus, permission to file an interlocutory appeal is not necessary in order to appeal the order.

**CONCLUSION**

The decision of the trial court is affirmed. The costs of this appeal are taxed to the appellants Julianna Walker and Mary S. White and their surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE