# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 15, 2010 Session

## RAYMOND KONOP, ET AL. V. JAMES HENRY, ET AL.

### Appeal from the Chancery Court for Marshall County
No. 14330    J. B. Cox, Chancellor

No. M2010-00037-COA-R3-CV - Filed August 18, 2010

Purchasers of real estate brought suit against the sellers as well as against the appraiser, the sellers' real estate agent, the agent's managing broker and brokerage firm alleging fraudulent misrepresentation and breach of duty to disclose adverse facts related to the property purchased. Upon their motions for summary judgment, the appraiser, real estate agent, the agent's managing broker and brokerage firm were dismissed as defendants; the purchasers appeal the dismissal of the real estate agent, the managing broker and the brokerage firm. Finding no error, we affirm.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Jonathan Jackson Pledger, Franklin, Tennessee, for the appellants, Raymond Konop, Jennifer Konop, Dennis Parker, and Penny Parker.

Derrick A. Free and Teresa Reall Ricks, Nashville, Tennessee, for the appellees, David Jent and Jason Jent, d/b/a David Jent Realty and Auction, and David Jent Realty and Auction.

## OPINION

### I. Background[1]

On September 19, 2006, the Appellants, Dennis and Penny Parker, purchased the home and property of John and Mary Webb located at 2143 Old Columbia Road in

---

[1] The factual background is drawn from the trial court's findings of fact, which are not in dispute and reflected in the record.

Lewisburg.[2]  On November 15, 2006, Raymond and Jennifer Konop, the other Appellants, purchased the home a property of James and Myrtle Henry, which was located adjacent to the property purchased by the Parkers.[3]  The Webbs and Henrys (collectively referred to hereinafter as the "sellers") were represented in their respective transactions by Jason Jent, a licensed affiliate broker. The Parkers and Konops (collectively referred to hereinafter as the "purchasers") were represented by a real estate agent in their respective transactions.[4] There was an existing landfill visible from the back portion of both properties and the purchasers were aware of the landfill's existence prior to closing on the respective properties.[5]

On December 8, 2006, the landfill purchased 174 acres (the "Coble property") adjoining the purchasers' properties; the sale was reported in the local newspaper on January 12, 2007.  The purchasers filed suit on May 2, 2007, against the sellers; Mary Ann Neill d/b/a Neill & Associates, a real estate appraiser who performed an appraisal of the Konops' property; the sellers' real estate agent, Jason Jent; David Jent Realty & Auction, Jason Jent's brokerage firm; and David Jent, the managing broker of David Jent Realty & Auction.  The complaint alleged that all of the Defendants made fraudulent misrepresentations and breached their "duty to disclose" regarding the relevant real estate transactions;[6] specifically that the each of the defendants told the purchasers that the landfill was to be closed and converted to a green way and park despite knowing that the landfill planned to expand its operations and purchase the adjacent Coble property.

---

[2]  The Parkers entered into a contract to purchase the property on September 3.

[3]  The Konops entered into a contract to purchase the property on October 3.

[4]  The Parkers were represented by real estate licensee Troy Charlton; the Konops were represented by real estate licensee Jeff Haupt.  Neither Mr. Charton nor Mr. Haupt are parties to this suit.

[5]  While the Tennessee Residential Property Condition Disclosure form completed by each of the sellers for their respective properties indicated that the seller was unaware of a "landfill (compacted or otherwise) on the property or any portion thereof," the purchasers acknowledged in their complaint that they were aware of and discussed the existence of the landfill with the sellers as well as their real estate agent, Jason Jent prior to either of them submitting an offer on the respective properties.

[6]  The complaint alleges that each of the defendants breached a "duty to disclose" without reference to any statutory duty.  Any common law fiduciary duty that may arise between an agent and a principal is inapplicable here as the complaint acknowledges that no agency relationship existed between the purchasers and either the sellers, the sellers' real estate agent, the agent's managing broker or the agent's brokerage firm. The trial court applied the duties set forth at Tenn. Code Ann. § 62-13-403.  As more fully explained, *infra*, the interpretation and application of section 62-13-403 is consistent with the interpretation and application of Tenn. Code Ann. § 66-5-206, cited on appeal by the purchasers.

The Defendants all filed answers in June 2007, denying the allegations of the complaint.[7] Defendants David Jent, Jason Jent, and David Jent Realty and Auction filed a motion for summary judgment on September 4, 2008, accompanied by a memorandum of law, statement of undisputed material facts, and affidavits of David and Jason Jent. David Jent's affidavit stated that he "did not know about the sale of the Coble Property to the Landfill until the *Marshall County Tribune* reported it on January 12, 2007," and that "[e]ven after [he] learned about the sale of the Coble Property to the Landfill from the newspaper article on January 12, 2007, [he] did not know that the Coble Property adjoined the Kanop [sic] and Parker properties." His affidavit further stated that he was a licensed real estate broker, that he complied with the standard of care with regard to real estate licensees working in and around the Marshall County" and that he "disclosed all adverse facts that [he] had knowledge of related to the real estate transactions at issue involving both the Kanops [sic] and the Parkers." Jason Jent's affidavit stated the same. The purchasers responded asserting that material facts were in dispute; in support of their contention they submitted the affidavit of a neighbor, Richard Holt, as well as *Marshall County Tribune* articles dated July 28, 2006, and October 6, 2006, related to the landfill.

Following the depositions of David and Jason Jent, a hearing on the motion was held and in an order entered on June 8, 2009, the trial court granted the motion for summary judgment. The court found, relying on the undisputed facts in the record, that

> [T]hese defendants did not breach their duty to disclose adverse facts to the plaintiffs of which they had actual notice or knowledge. Further, the Court finds that these defendants specifically disclosed the existence of the landfill to the plaintiffs and the landfill was readily visible from the plaintiffs' properties. Accordingly, the Court finds that these defendants did not fraudulently misrepresent any material facts to the plaintiffs regarding the respective transactions nor did these defendants breach the standard of care for a real estate licensee in either transaction.

The purchasers filed a motion to alter, amend or set aside the trial court's June 8 order, asserting that the trial court's order failed to consider David Jent's deposition testimony stating that he knew, three to four months prior to the sale of the Coble property to the landfill, that the landfill signed an option contract with the Cobles to purchase their property. The trial court denied the purchasers' motion and the purchasers appeal. The purchasers do not challenge the grant of summary judgment on the fraudulent misrepresentation claim; the

---

[7] Ms. Neill filed a motion for summary judgment on April 9, 2008, which was granted by order entered June 18. The purchasers do not appeal the dismissal of Ms. Neill.

purchasers appeal asserting that material factual issues exist with respect to the defendants' duty to disclose adverse facts, such as to preclude summary judgment.

## II. Standard of Review

Summary judgment is appropriate where a party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). Moreover, it is proper in virtually all civil cases that can be resolved on the basis of legal issues alone, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001); however, it is not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. The party seeking a summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that the party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). Summary judgment should be granted at the trial court level when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion, which is the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn.2002); *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W. 3d 265, 269 (Tenn. 2001). The court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, discard all countervailing evidence, and, if there is a dispute as to any material fact or if there is any doubt as to the existence of a material fact, summary judgment cannot be granted. *Byrd*, 847 S.W.2d at 210; *EVCO Corp. v. Ross*, 528 S.W. 2d 20 (Tenn. 1975).

Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1977). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Stovall*, 113 S.W.3d at 721; *Godfrey*, 90 S.W.3d at 695. When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd*, 847 S.W.2d at 214; *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

## III. Analysis

The purchasers contend that summary judgment was inappropriate with respect to David Jent, Jason Jent and David Jent Realty and Auction's duty to disclose; specifically, the

purchasers argue that David Jent knew the landfill had an option contract to purchase the Coble property and failed to disclose this fact to the purchasers. The purchasers further argue that David and Jason Jent "have denied having any actual knowledge or notice of the impending sale of the Coble Property to the landfill," but that it is "reasonable to assume that [they] knew more than has been admitted" and their veracity is a question for the trier of fact such that summary judgment is inappropriate.

The purchasers alleged that the defendants breached their "duty to disclose." Although the purchasers did not allege a specific statutory duty, the trial court found that the relevant statutory authority for the creation of such a duty can be found within the Tennessee Real Estate Brokers Act of 1973 codified at Tenn. Code Ann. §§ 62-13-101 et seq., and specifically at Tenn. Code Ann. § 62-13-403(2). On appeal, the purchasers contend that "a homebuyer's exclusive remedy against a real estate licensee" is provided by the Tennessee Residential Disclosure Act at Tenn. Code Ann. § 66-5-206.

Tenn. Code Ann. § 66-5-206 provides:

A real estate licensee representing an owner of residential real property as the listing broker has a duty to inform each such owner represented by that licensee of the owner's rights and obligations under this part. A real estate licensee representing a purchaser of residential real property or, if the purchaser is not represented by a licensee, the real estate licensee representing an owner of residential real estate and dealing with the purchaser has a duty to inform each such purchaser of the purchaser's rights and obligations under this part. If a real estate licensee performs those duties, the licensee shall have no further duties to the parties to a residential real estate transaction under this part, and shall not be liable to any party to a residential real estate transaction for a violation of this part or for any failure to disclose any information regarding any real property subject to this part. However, a cause of action for damages or equitable remedies may be brought against a real estate licensee for intentionally misrepresenting or defrauding a purchaser. *A real estate licensee will further be subject to a cause of action for damages or equitable relief for failing to disclose adverse facts of which the licensee has actual knowledge or notice.* "Adverse facts" means conditions or occurrences generally recognized by competent licensees that significantly reduce the structural integrity of improvements to real property, or present a significant health risk to occupants of the property.

Id. (Emphasis added).

Tenn. Code Ann. § 66-5-208(d)(2) provides that "[n]othing in this subsection (d) shall be construed to exempt or excuse a real estate licensee from making any of the disclosures required by § 62-13-403, § 62-13-405 or § 66-5-206, nor shall it be construed to remove, limit or otherwise affect any remedy provided by law for such a failure to disclose."

Tenn. Code Ann. § 62-13-403 provides in relevant part:

A licensee who provides real estate services in a real estate transaction shall owe all parties to the transaction the following duties, except as provided otherwise by § 62-13-405, in addition to other duties specifically set forth in this chapter or the rules of the commission:

(2) Disclose to each party to the transaction any adverse facts of which the licensee has actual notice or knowledge[.]

Tenn. Code Ann. § 62-13-403.[8] Adverse facts for purposes of this chapter are defined as "conditions or occurrences generally recognized by competent licensees that have a negative impact on the value of the real estate, significantly reduce the structural integrity of the improvements to real property, or pose a significant health risk to occupants of the property." Tenn. Code Ann. § 62-13-102(2). A real estate broker who breaches the duty of disclosure is potentially liable to a party injured by such breach. *Id*.; *see Land v. Dixon*, No. E2004-03019-COA-R3CV, 2005 WL 1618743, *5 (Tenn. Ct. App. Jul 12, 2005).

The duty to disclose adverse facts under Tenn. Code Ann. § 66-5-206 and § 62-13-403(b) is essentially the same. Both impose the duty on a real estate licensee involved in the real estate transaction[9] to disclose adverse facts of which he or she has actual notice or knowledge to all parties in the transaction. While the two statutes' definition of "adverse facts" is slightly different, we will apply the definition of "adverse facts" provided in Tenn. Code Ann. § 62-13-102(2) as it is more comprehensive.[10]

---

[8] Tenn. Code Ann. § 62-13-405 relates to required disclosures when one party to the real estate transaction is not represented by another real estate licensee. This provision is inapplicable here.

[9] The scope of Tenn. Code Ann. § 66-5-206 is limited to real estate licensees who represent either the owner or the purchaser, while Tenn. Code Ann. § 62-13-403 specifically limits its application to real estate licensees who "provide services in a real estate transaction."

[10] Tenn. Code Ann. § 62-13-102(2) requires the additional disclosure of conditions or occurrences "that have a negative impact on the value of the real estate."

Jason Jent, David Jent and David Jent Realty and Auction moved for summary judgment and in support of their motion they filed the affidavits of David Jent and Jason Jent, both of which stated, respectively, that they were real estate licensees familiar with the standard of care of such licensees within Marshall County and that they complied with the standard of care as they had no knowledge of the sale of the Coble property to the landfill prior to January 12, 2007, more than three months after the completion of the purchasers' real estate transactions. Also in support of their motion, the defendants filed a statement of undisputed facts, which included the dates of the relevant transactions and the purchasers' admission that they were aware of the existence of the landfill prior to closing on their respective properties. Based on the foregoing, the defendants affirmatively negated an essential element of the purchasers' claims – that David and Jason Jent had actual notice or knowledge of an adverse facts. *See Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (to shift the burden to the nonmoving party, the moving party must affirmatively negate an essential element of the nonmoving party's claim or show that the nonmoving party cannot prove an essential element of the claim at trial).

"If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin*, 271 S.W.3d at 84. The nonmoving party can meet this burden by:

> (1) pointing to evidence establishing material factual disputes that were over- looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.0[7].

*Id*. (citing *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)). "The nonmoving party's evidence must be accepted as true, and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party." *Id*.

The purchasers responded to the summary judgment motion by submitting two newspaper articles and the affidavit of a neighbor, Richard Holt. The headline of the first newspaper article, dated July 28, 2006, states "Commission considers county monitoring for the Cedar Ridge landfill." The article discusses a recently held meeting of the Marshall County Solid Waste Committee of the county commission wherein community members voiced concerns about foul odors, sludge and waste along Mooresville Highway, high levels of traffic and fires near the landfill; the article does not mention any potential expansion by the landfill. The other article, dated October 6, 2006, and which headline states "Landfill expansion discussed, Odor remedy to cause temporary smell." Related to the issue of

expansion, the article quotes a representative of Congressman Bart Gordon's office saying, "It's my understanding that Waste Management has spoken with the Tennessee Department of Conservation about potential expansion," but the article goes on to state that "[e]xpansion discussions could not be confirmed by TDEC's spokewoman, Dana Coleman, who said 'The department had not received anything other than the application for a permit modification for additional groundwater monitoring.' . . . Information received by the Marshall County Tribune indicated that the landfill might have enough room for operations to continue for some 18 months."

The affidavit of Richard Holt stated that he lived on Old Columbia Road in Lewisburg, Tennessee since 1974, that he kept cattle on the Coble Property "since about 2003" and that he knew "Waste Management began looking to purchase the Coble Property or other surrounding land since approximately 2004." Mr. Holt's affidavit further stated that "Waste Management and Cedar Ridge Landfill began core drilling the Coble Property in 2004 or 2005" and that it "has been common knowledge to residents in the community that Waste Management and Cedar Ridge Landfill were attempting to purchase the Coble Property or other property in [the] area since approximately 2004 [or] 2005."

The purchasers also responded to the defendants' statement of undisputed facts. They admitted that Jason Jent disclosed the existence of the landfill to the purchasers' respective real estate agents and that the purchasers were aware that the landfill was visible from the back portion of the property prior to closing on their respective properties. They denied, however, the statements that Jason Jent and David Jent did not have knowledge of the sale of the Coble Property to the Landfill. The purchasers' response stated:

> Plaintiffs contend have contended [sic] that the sale of the Coble Property to the Landfill was common knowledge in the community. The sale of the Coble Property to the Landfill had been discussed in the Marshall County Tribune as early as October 6, 2006. See Attached Exhibit A. That according to Mr. Richard Holt, a resident of Lewisburg living within the vicinity of the Landfill, states that the purchase of the Coble Property by the Landfill was common knowledge to the residents in the community and had been testing the soil on the Coble Property since 2004-2005.

The only other statement of material fact that the purchasers denied was that David Jent and Jason Jent complied with the applicable standard of care regarding real estate licensees. The purchasers' response stated:

> Defendants failed to disclose to Plaintiffs that the Landfill was in the process of purchasing the Coble Property. Furthermore, Defendants failed to disclose

other material facts regarding the landfill, including problems with sludge and odor. See Article from the Marshall Tribune dated July 28, 2006, attached hereto as Exhibit C.

We will examine the evidence presented by the parties relative to each defendant.

## A. Jason Jent

Jason Jent provided real estate services in the real estate transactions at issue as the agent of the sellers. While the purchasers were each represented by their own real estate agent in the relevant transactions, under Tenn. Code Ann. § 62-13-403, Mr. Jent was obligated to disclose adverse facts of which he had actual notice or knowledge to the purchasers as parties to the transaction. Assuming that the landfill's purchase of the Coble property was an adverse fact,[11] Mr. Jent submitted an affidavit in support of his motion for summary judgment in which he stated that he had no actual notice or knowledge of the sale of the Coble property to the landfill prior to January 12, 2007, approximately one month after the sale and several months after the purchasers' respective transactions. Jason Jent's affidavit affirmately negated an essential element of the purchasers claim in that he established he had no actual notice or knowledge of the sale of the Coble property to the landfill.

The purchasers responded by contending that Mr. Jent should have known about the sale because "the sale of the Coble Property to the Landfill was common knowledge in the community." The purchasers' contention, however, is not only not supported by the record, but it does not comport with the statute's requirement that the real estate licensee have actual notice or knowledge.

The affidavit of Mr. Holt relates to his knowledge of the owner of the landfill's interest in the Coble Property in 2004 and 2005, rather than 2006 when the transactions relevant to this case occurred. Moreover, the affidavit states that, in addition to the Coble property, the owner of the landfill was looking at "other property in [the] area." Viewing this evidence in the light most favorable to the purchasers, it leads only to a finding that the

---

[11] Jason Jent and David Jent contend that the sale of the Coble property to the landfill was not an adverse fact because the landfill did not have plans to expand its operations onto the Coble property because local zoning ordinances prevented the landfill from doing so; further, the landfill's representative stated in the January 12, 2007, newspaper article reporting the landfill purchased the Coble property "so it [would] have adequate supply of dirt to cover garbage dumped at the [existing] facility" and that the landfill was "not asking to expand onto the []Coble property." We make no determination on the issue of whether this fact was or was not an adverse fact as such is pretermitted by our finding, *infra*, that Jason Jent had no actual notice or knowledge of the sale.

landfill's purchase of the Coble property was not a "known fact," rather it was speculative or one of many options being considered by the landfill.  The purchasers also rely on two newspaper articles in support of their contention that the sale of the Coble property to the landfill was "common knowledge," or a known fact.  Neither of these articles, however, support such a contention.  The July article doesn't mention expansion; the October 6 article, which was published after the Parkers closed on their property, reports the landfill's possible expansion as an unconfirmed rumor and does not mention the Coble property or a sale of any particular land in the area to the landfill.  In any event, under the statute Jason Jent was only obligated to disclose adverse facts of which he had actual notice or knowledge.  Mr. Jent's affidavit stated that he did not have actual notice or knowledge of the sale of the Coble property to the landfill at any time relevant to the purchasers' respective transactions.  The purchasers have failed to present evidence contradicting Mr. Jent's affidavit or raising a genuine issue of fact.  Accordingly, Jason Jent was entitled to summary judgment.

## B. David Jent

The purchasers assert that David Jent admitted in his deposition that he knew that the landfill had signed an option contract to purchase the Cobles' property three to four months prior to the sale and that he was required to disclose this fact to the purchasers as the listing agent of the properties sold to the purchasers.[12]  David Jent, however, owed no duty to the purchasers.

As noted earlier, Jason Jent was an affiliate broker hired by the sellers to list their properties for sale; as such, he was required to be supervised by a managing broker who, in this case, was David Jent.  *See* Tenn. Code Ann. § 62-13-406(b).  David Jent's duty to the purchasers was to ensure that Jason Jent complied with all appropriate laws, rules and regulations.  *See* Tenn. Code Ann. § 62-13-406(b) (the duty of a managing broker whose affiliated licensee provides real estate services in a real estate transaction is to ensure that all licensees affiliated with or employed by the broker conduct business in accordance with appropriate laws, rules and regulations); *see also* Tenn. Op. Att'y. Gen. No. 96-015, 1996 WL 66988, at *2 (1996) ("The managing or principal broker must fulfill her obligation to ensure that all licensees that she employs carry out their responsibilities ethically and in accordance with the law[,] but the principal broker does not have a specific duty to either the buyer or the seller.").  Inasmuch as David Jent was not involved in or did not otherwise provide real estate services in the transactions, he was not obligated under Tenn. Code Ann. § 62-13-403 to disclose his knowledge, if any, of adverse facts.

---

[12] David Jent's deposition testimony of his knowledge of the relationship or transaction between the Cobles and the landfill consisted of the following:  "I asked [Mr. Coble] if he had [sold his property to the landfill] and he said, no, they had an option."

## C. David Jent Realty and Auction

The purchasers also assert that David Jent's knowledge of the landfill's option contract to purchase the Coble Property three to four months prior to the sale "is imputed to David Jent Realty and Auction and its agents" and, consequently, that Jason Jent, as an agent of David Jent Realty and Auction, "had a duty to disclose the existence of the option contract to Plaintiffs." In support of their argument, the purchasers rely on *Bass v. Kimbrough*, No. 02A01-9508-CH-00178, 1996 WL 560263, at *4 (Tenn. Ct. App. Oct. 3, 1996), which states that "[i]nformation known by a company agent is imputed to be knowledge of the company."

While *Bass*, a case concerning liability in connection with the default on a promissory note for the purchase of stock in a closely held corporation, is distinguishable both in terms of facts and context, the Tennessee Real Estate Brokers Act expressly supercedes the common law to the extent common law is inconsistent. Tenn. Code Ann. § 62-13-408; *see also* Tenn. Op. Att'y. Gen. No. 96-015, 1996 WL 66988, at *1 (1996). Tenn. Code Ann. § 62-13-406(c) provides "[t]here shall be no imputation of knowledge or information among or between clients, the managing broker and any designated agent or agents in a designated agency situation." In light of this specific statute, common law agency principles regarding imputation of knowledge do not apply to this circumstance. Consequently, to the extent David Jent had any knowledge of an option contract between the landfill and the Cobles, and assuming *arguendo* that the option contract was an adverse fact, this knowledge cannot be imputed either to David Jent Realty and Auction or to Jason Jent.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment to Jason Jent, David Jent and David Jent Realty and Auction.

Costs of this appeal are assessed to the Appellants.

_____
RICHARD H. DINKINS, JUDGE
