# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 13, 2012 Session

## CASEY E. BEVANS v. RHONDA BURGESS ET AL.

### Appeal from the Chancery Court for Wilson County
### No. 10C191      Charles K. Smith, Chancellor

---

### No. M2011-02080-COA-R3-CV - Filed March 19, 2012

---

Prospective buyer who signed real estate sales contract sued seller, seller's real estate agent and broker, and the actual buyers for breach of contract, violation of the Tennessee Consumer Protection Act, and specific performance. The trial court granted summary judgment in favor of the defendants on the ground that there was no enforceable contract. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

James David Nave, Nashville, Tennessee, for the appellant, Casey E. Bevans.

Teresa Reall Ricks, Nashville, Tennessee, for the appellees, Rhonda Burgess and Southern Living Realty Partners.

Rebecca A. Martin a/k/a Rebecca Casner, Mt. Juliet, Tennessee, Pro Se.

Billy Adkins, Mt. Juliet, Tennessee, Pro Se.

Virginia Adkins, Mt. Juliet, Tennessee, Pro Se.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Rebecca Martin owned real property on Anthony Branch Drive in Mount Juliet, Tennessee. In 2010, she listed the property for sale with real estate agent Rhonda Burgess of Southern Living Realty Partners for a price of $159,900.

On April 17, 2010, Casey Bevans, through her real estate agent, Pam G. Salas, made an offer to buy the property for $147,300. The offer was made on a nine-page "purchase and sale agreement" form copyrighted by the Tennessee Association of Realtors. The agreement was made contingent on Bevans's ability to obtain an FHA loan for 97% of the purchase price. Moreover, section 17 of the agreement provides that the following "exhibits and/or addenda attached hereto, listed below, or referenced herein are made a part of this Agreement: FHA addendum, Buyers Agency Disclosure, Short Sale addendum." An FHA loan addendum (signed by Bevans) was attached to Bevans's offer, but there was no short sale addendum attached.

On April 24, 2010, Martin rejected Bevans's initial offer but made a counteroffer to sell the property for $151,000. Martin's counteroffer, on a form copyrighted by the Tennessee Association of Realtors, provides in pertinent part as follows:

> The undersigned agree to and accept the Purchase and Sale Agreement with an offer date of 04/17/10 for the purchase of real property commonly known as: 427 Anthony Branch Drive, Mount Juliet, TN 37122.
>
> With the following exceptions:
>
> Sales price to be $151,000.
> Sale is still subject to lender/3rd party approval.
> Metal shelves in the garage do not remain with the property. Metal shelves in garage to be removed prior to closing along with personal property in the house.
>
> ALL OTHER TERMS AND CONDITIONS OF THE ORIGINAL ATTACHED PURCHASE AND SALE AGREEMENT ARE ACCEPTABLE TO THE UNDERSIGNED. ALL TERMS AND CONDITIONS PROPOSED IN PREVIOUS COUNTER OFFERS, IF ANY, ARE NOT INCLUDED IN THIS COUNTER OFFER UNLESS RESTATED HEREIN.

Martin sent back the original purchase and sale agreement with initialed changes regarding the purchase price and the metal shelves; she indicated that she accepted Bevans's offer "subject to the attached Counter Offer(s)." She also signed and returned the FHA loan addendum. The same day, April 24, 2010, Bevans indicated her acceptance of the counteroffer and signed the counteroffer form.

On April 30, 2010, Burgess notified Salas that the $151,000 purchase price would not generate sufficient funds to pay the seller's expenses and real estate commissions. On May 4, 2010, Martin submitted another counteroffer at a sale price of $159,900.

Bevans filed suit against Burgess, Southern Living Realty Partners, and Martin on May 14, 2010, seeking specific performance of the contract and asserting causes of action for breach of contract and violation of the Tennessee Consumer Protection Act. In conjunction with the complaint, Bevans filed a notice of lien lis pendens regarding the subject property. In July 2010, Bevans filed an amended complaint adding Billy and Virginia Adkins as defendants. According to the amended complaint, Martin sold the property to the Adkinses on May 15, 2010.

The Adkinses filed a motion for summary judgment on February 10, 2011; Burgess and Southern Living filed a motion for summary judgment on February 17, 2011. Burgess and Southern Living submitted a supporting affidavit of Rhonda Burgess, which includes the following pertinent statements:

> The "Purchase and Sale Agreement" contract which [Bevans's] real estate agent utilized in this case is the standard Purchase and Sale Agreement provided to Realtors in Tennessee by the Tennessee Association of Realtors. The standard "Short Sale Addendum" form provided to Realtors in Tennessee by the Tennessee Association of Realtors is attached hereto as Exhibit A.
>
> The "Short Sale Addendum" which was specifically incorporating into [Bevans's] offer, by Bevans' own real estate agent, is the standard TAR form "Short Sale Addendum" attached hereto as Exhibit A. Bevans nor her real estate agent provided or referred to any short sale addendum other than the standard TAR form which is used with the standard TAR Purchase and Sale Agreement utilized by Bevans' real estate agent.

The TAR short sale agreement contains the following pertinent provision: "This Purchase and Sale Agreement is also contingent upon . . . the final written agreement of all of the

Third Party Creditor(s)[1] to accept a payoff which is less than the balance due on the mortgage(s) and/or lien(s) after payment of seller's expenses and real estate commissions."

In an order entered on July 29, 2011, the trial court granted both motions for summary judgment and dismissed all of the plaintiff's claims. The court determined that the plaintiff "has not produced and cannot produce *evidence* of specific facts to establish the existence of a valid enforceable contract for the sale of real property . . . or even a genuine issue of material fact as to the validity and enforceability of said contract." Bevans appeals.

STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson,* 100 S.W.3d 202, 205 (Tenn. 2003). In reviewing a summary judgment, this court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown,* 955 S.W.2d 49, 50 (Tenn.1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz,* 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we must determine whether factual disputes exist. *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn. 1993). If a factual dispute exists, we must determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Id.; Rutherford v. Polar Tank Trailer, Inc.,* 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998). To shift the burden of production to the nonmoving party who bears the burden of proof at trial, the moving party must negate an element of the opposing party's claim or "show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g Co.,* 270 S.W.3d 1, 8–9 (Tenn. 2008).

ANALYSIS

Bevans asserts that the trial court erred in granting summary judgment in favor of the defendants because there are genuine issues of material fact as to whether the parties entered into a contract, whether the contract incorporated the terms of the TAR short sale addendum, and, if so, whether any contingencies of the short sale agreement were not satisfied.

---

[1]The short sale addendum previously states that the seller's lender(s) and/or lien creditor(s) shall be referred to collectively as "Third Party Creditor(s)."

To shift the burden of production to Bevans, the defendants had to negate an essential element of her breach of contract claim or show that she could not prove an essential element of the claim at trial. *Hannan,* 270 S.W.3d at 8–9. The defendants argue that they negated the existence of an enforceable contract, and we agree.

In interpreting a contract, we seek to ascertain the intent of the parties from the language of the contract; in so doing, we must apply to those words their usual, natural, and ordinary meaning. *Staubach Retail Servs.-Se., LLC v. H.G. Hill Realty Co.,* 160 S.W.3d 521, 526 (Tenn. 2005). The purchase and sale agreement expressly incorporates the terms of a short sale agreement. Bevans argues that, since there was no short sale agreement attached and the parties did not sign a short sale addendum, the short sale addendum did not become a part of the contract. However, provisions incorporated by reference in a contract need not be separately signed or appended to the contract to become part of the contract. *See Staubach Retail*, 160 S.W.3d at 525; *McCall v. Towne Square, Inc.*, 503 S.W.2d 180, 183 (Tenn. 1973). In such an instance, both writings—the main contract and the incorporated provisions—should be construed together. *Staubach Retail*, 160 S.W.3d at 525.

It is clear from the terms of the contract that the parties intended to include short sale provisions. The contract is a conditional contract–a contract "where the obligation to perform is dependent upon the happening of some contingency or condition (often referred to as a condition precedent) which is expressly stated in the contract." *Pate v. C & S of Tenn., Inc.*, M2000-02283-COA-R3-CV, 2001 WL 575567, at *3 (Tenn. Ct. App. May 30, 2001). The question then becomes what short sale provisions were intended. As Bevans made her offer on a TAR purchase and sale agreement, the defendants assert that the standard TAR short sale addendum was part of their contract, and they have submitted a supporting affidavit. Bevans disagrees but has not presented any alternative to the TAR short sale provisions. Without a meeting of the minds concerning the short sale provisions, there is no enforceable contract. *See Inscoe v. Kemper*, M1999-00741-COA-R3-CV, 2000 WL 1657844, at *3 (Tenn. Ct. App. Nov. 6, 2000).

We find no error in the trial court's decision to grant the defendants' motion for summary judgment.

CONCLUSION

We affirm the decision of the trial court. Costs of appeal are assessed against the appellant, Casey E. Bevans, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE