**VOLUNTEER VAL–PAK,**
**Plaintiff–Appellee,**

v.

**Kathryn Behm CELAURO, Commissioner of Revenue, State of Tennessee,**
**Defendant–Appellant.**

Supreme Court of Tennessee,
at Knoxville.

March 27, 1989.

W.J. Michael Cody, Attorney Gen. & Reporter, William P. Sizer, Asst. Atty. Gen., Nashville, for defendant-appellant.

Donald F. Paine, Paine, Swiney and Tarwater, Knoxville, for plaintiff-appellee.

OPINION

FONES, Justice.

This is a direct appeal by the Commissioner of Revenue from a judgment of the Chancery Court of Knox County awarding plaintiff, taxpayer, a sales tax refund in the sum of $17,797.02.

Volunteer Val–Pak, a Tennessee partnership with its principal office in Knoxville, carried on a direct mail advertising business from 1976 until 1984. In October of 1984, the taxpayer's records were audited by representatives of the Commissioner of Revenue for the period 1 January 1981 through 30 September 1984, resulting in an assessment of a sales tax deficiency, interest and penalty. Taxpayer paid the sum mentioned above under protest in December 1985, and brought this suit for refund.

The trial judge held that in November of 1982 the Revenue Department had taken the position that no sales tax would be due on transactions identical to those subjected

to tax in this case, but in the fall of 1985 reversed its position. Relying upon Chapter 552, Public Acts 1986, codified as T.C.A. § 67–1–108, effective 13 March 1986, the trial judge held that the Commissioner of Revenue was prohibited from assessing any tax during the time the department was exempting such transactions, which encompassed the entire period involved in this case. Stated another way, the trial judge held that the statute allowed taxpayer to interpose the doctrine of estoppel, although the commissioner's change of policy and the tax period preceded the enactment of the statute.

That holding by the trial judge disposed of the case in favor of the taxpayer, but the trial judge also held that the transactions of taxpayer upon which the commissioner had assessed a sales tax, were subject to the use tax under T.C.A. § 67–6–203 "notwithstanding any provisions in the commissioner's regulations set forth in Rule 99." In this Court the Commissioner takes the position that the trial judge found the issue of taxability in favor of the Revenue Department but continues to insist that the facts invoke a sales tax, not a use tax.

In our view, the threshold issue is whether the Commissioner was correct in subjecting taxpayer's transactions to the sales tax.

Taxpayer, Volunteer Val–Pak, was a licensee of Val–Pak Direct Marketing Systems, a Florida corporation, located in St. Petersburg, Florida. Plaintiff solicited advertising from merchants in Knoxville and East Tennessee. The advertiser's message would be printed on one of four sizes of paper, as selected, to be part of a collective mailing to homes in the advertiser's trade area. The advertising message might or might not include a coupon redeemable at the merchant's place or places of business. Collective exhibit I was introduced as a typical collective mailing of the advertising of ten different merchants that included Domino's Pizza, a photo company, an optical company and a tire company, mailed in the same packet to homes in two zip code numbers in Knoxville.

Although some of the merchants furnished their own advertisements, most ads were printed by the Florida company. All of the collating, inserting, addressing, stamping and mailing was accomplished by that company, in St. Petersburg, Florida. Each merchant had a contract with plaintiff, entitled "Participation Agreement for Advertising" and paid a single price for each mailing. Plaintiff placed orders with the Florida company for packets to be mailed on designated dates. The Florida company billed plaintiff by mailing dates and job numbers, itemizing the charges for printing, envelope addressing, inserting and postage. Exhibits I and J also reflect that nine of the advertisers paid between $300 and $380 each and the charge to Domino's Pizza was $660. The total paid by the ten advertisers for the mailing on 22 January, job number 7786, was $3,920. Plaintiff was billed by the Florida company a total of $2,229.25 for the printing, envelope addressing, inserting and postage involved in preparing and mailing the advertisement packet containing the advertising material mailed on 22 January to homes in the two Knoxville zip code areas, designated as job number 7786.

Thus, each advertiser placed an order with taxpayer for the delivery of an advertising message to potential customers in the advertiser's trade area and agreed to pay a price for each mailing. In a separate financial transaction taxpayer placed an order with a Florida corporation for the printing of the message to the advertiser's specifications, and for the various steps required to mail the message to potential customers of the advertisers.

■ The elements necessary to constitute a sale are (1) transfer of title or possession, or both of (2) tangible personal property, for a (3) consideration. T.C.A. § 67–6–102(14)(A).

■ The initial contention of the Commissioner was stated in a letter dated 3 December 1984, to taxpayer's lawyer by Mr. Wainscott, the Assistant Director of the Department of Revenue, as follows:

"The position simply stated is that your client is selling tangible personal property (the coupons) to Tennessee customers for their use and benefit."

The uncontradicted proof in the record was that less than 1% of the total mailings

were brought to the advertiser's business establishments for redemption. It follows that more than 99% of the mailings of advertising messages perished upon receipt by the addressee, presumably with some part or all of the message noted. In this Court, no mention of the coupon as the center of the tangible personal property contention is made.

In the reply brief[1] in this Court the Commissioner's position that the taxpayer's transactions were subject to the Tennessee Sales Tax is set forth in the following sentences:

> The taxable sale here is between the taxpayer as dealer and the local business advertiser as the customer. The tangible personal property in question consists of advertising materials.
>
> The taxpayer had constructive possession of the materials indirectly through the Florida Corporation. The taxpayer had the power and intention to control their distribution.
>
> The taxpayer's performance is complete upon the deliver of the coupons, brochures, etc., to the mailboxes of the *designated consumers.* (Emphasis added.)

To constitute a sale under that analysis, title and possession of the single sheet of paper (no brochures) per advertiser, vested in each *designated consumer.* Absent an *explicit* agreement between buyer and seller, title passes "at the time and place at which the seller completes his performance with reference to the physical delivery of the goods ..." T.C.A. § 47–2–401. Beyond question, the seller's (taxpayer's) performance was completed when the Florida corporation placed the collective mailing in the post office in St. Petersburg, Florida. Florida sales are not subject to the Tennessee sales tax.

Whether these transactions are subject to Tennessee use tax is not before us and it would be inappropriate to consider that issue. The Commissioner has at all stages of this case insisted that taxpayer's trans-

actions were subject to the sales tax. There are substantial sub-issues that would need to be addressed if the propriety of assessing a use tax was before us, none of which were litigated at any stage of this case.

The Revenue Department has promulgated Rule 1320–5–1–.99, two paragraphs of which are said to be relevant. The Commissioner relies on paragraph (3) which reads as follows:

> Catalogues, magazines, handbills, and other items of tangible personal property which are sold, imported, or caused to be imported into the State for advertising purposes, and which are not for resale purposes, are subject to the Sales or Use Tax. Any charges for postage are not subject to the Sales or Use Tax, provided the charge for postage is stated separately on the invoice.

■ It is fundamental that the Commissioner cannot, by regulation, enlarge the definition of a "sale" as defined in the statute itself. In the attempt to apply paragraph (3) to this taxpayer's transactions that is the result sought to be achieved.

We conclude that the transactions of taxpayer were not Tennessee sales of tangible personal property, and the sales tax was wrongfully assessed. We find it unnecessary to address the issue of whether the Commissioner changed policy in assessing a sales tax in this case, and if so, whether the statutory prohibition limiting taxability to time periods after the date of change applies to this case.

The judgment of the trial court is affirmed for the reasons stated herein. Costs are assessed against the Commissioner of Revenue.

DROWOTA, C.J., and COOPER, HARBISON and O'BRIEN, JJ., concur.

---

1. The Commissioner's initial brief as appellant was limited to asserting that the trial judge erred in finding that a change of policy had occurred and in applying T.C.A. § 67–1–108 retrospectively.