IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2014 Session

# CITY OF ATHENS v. BLAIR STRONG ENTERPRISES, LLC, d/b/a OPEN DOOR CAFÉ

**Appeal from the Circuit Court for McMinn County**
**No. 2013CV38     Hon. Lawrence H. Puckett, Judge**

---

**No. E2013-02405-COA-R3-CV-FILED-JUNE 10, 2014**

---

This appeal challenges a citation for an alleged violation of a city ordinance prohibiting the sale of alcoholic beverages to a person under the age of twenty-one. A municipal judge and the trial court found against the appellant restaurant. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Matthew C. Rogers, Athens, Tennessee, for the appellant, Blair Strong Enterprises, LLC.

H. Chris Trew, Athens, Tennessee, for the appellee, City of Athens.

## OPINION

## I. BACKGROUND

On January 8, 2013, Special Agent Derek Dalton and other agents of the Tennessee Alcoholic Beverage Commission ("TABC") conducted an operation in Monroe County, Tennessee, and the City of Athens, Tennessee, in McMinn County to determine if permit holders would sell alcoholic beverages to persons under the age of twenty-one. The operation involved the use of a confidential informant, reluctantly identified by name at trial but who we will identify as "the CI," who was under the age of twenty-one at the time. Agent Dalton and the CI went to various locations with permits to sell alcoholic beverages in Monroe County and the City of Athens in order to determine if any of the permit holders would sell alcohol to the CI.

The case in question arose when Agent Dalton, the CI, and another female agent entered the Open Door Café in Athens around 5:00 P.M. on the date of the operation. Upon entering the restaurant and sitting down, they were approached by Alisha Morris, a server and employee of appellant, Blair Strong Enterprises, LLC[1] ("BSE") for approximately one year at the time. Agent Dalton and the CI each ordered a beer, after which Ms. Morris asked each of them for identification, which they produced.

The CI was born on March 14, 1994, which made her eighteen years of age on the date of the operation. Her driver's license lists her date of birth as 03/14/1994 and has printed on it a red box around her photograph that reads "under twenty-one until 03/14/2015." After examining both Agent Dalton's and the CI's Tennessee driver's licenses, Ms. Morris rang up the beer orders in the computer system, then poured two draft beers and delivered them to the table where Agent Dalton and the CI were sitting.

Shortly thereafter, the CI and the other female agent left the restaurant, while other agents and an officer with the Athens Police Department were informed of the sale to the CI. Authorities then entered the restaurant and informed the server and BSE of the nature of the operation and that the server had served alcohol to an individual under the age of twenty one. TABC issued a criminal citation to the server, and the Athens Police Department issued a citation to BSE for violation of § 8-213(8) of the Athens City Municipal Code.

Section 8-213(8) of the Athens City Municipal Code states:

8-213. Prohibited conduct or activities by beer permit holders, agents, servants, employees or other person engaged in the sale of beer. It shall be unlawful for any beer permit holder, agent, servant, employee or other person working in an establishment that is permitted to sell beer to:

* * *

> (8) Make or allow any sale of beer or any other alcoholic beverage, including an intoxicating liquor to a minor under the age of twenty-one (21) years.

After a hearing in front of the city's municipal judge, a finding was issued against BSE. Thereafter, BSE appealed, and a trial was held de novo before the Circuit Court for McMinn County on September 16, 2013.

_____

[1]The beer permit holder's correct name is "Bstrong Enterprises, LLC." BSE acknowledged at trial that the court's decision would be binding on it.

At trial, the testimonies of Agent Dalton, the CI, and Ms. Morris are all in agreement that during the undercover operation, the CI - a minor[2] under the age of twenty-one - ordered and was served a beer by Ms. Morris after she examined the CI's driver's license, which explicitly stated the CI was not of age. Ms. Morris testified that she simply made a mathematical error when checking the driver's license and that BSE never allowed her or any other employee to sell alcohol to anyone under the age of twenty-one. The CI testified that she never had any intention of consuming or paying for the beer, which attorney for BSE presented as proof that section 8-213(8) of the Athens City Municipal Code had not been violated because a "sale" had not occurred.

An opinion was issued on September 27, 2013, in which the trial court held:

(1)    Mistake is not a viable defense because allowing such a defense would make enforcement of this ordinance, and others like it, impossible.

(2)    BSE is liable for the actions of its employee. *See Rowe v. State*, 1993 WL 295063 (Tenn. Crim. App. Aug. 4, 1993).

(3)    That a "sale" did take place and that BSE violated section 8-213(8) of the Athens City Municipal Code.

BSE was fined fifty dollars and assessed the costs of the action. A timely appeal was made to this court.


## II.  ISSUE

BSE raises one issue on appeal:

Did the trial court err in finding that a sale occurred?


## III.  STANDARD OF REVIEW

Since this case was tried without a jury, the standard of review is de novo upon the record of the proceedings below with a presumption of correctness as to the findings of fact made by the trial court. *See* Tenn. R. App. P. 13(d); *Boarman v. Jaynes*, 109 S.W.3d 286, 289-90 (Tenn. 2003). The trial court's judgment should be affirmed unless the

---

[2]As defined by the Athens City Municipal Code.

preponderance of the evidence is against those findings and so long as there are no errors of law. *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). However, the trial court's conclusions of law are reviewed de novo without a presumption of correctness. *Ganzevoort v. Russell*, 949 S. W. 2d 293, 296 (Tenn. 1997).

## IV. DISCUSSION

BSE argues that the trial court erred in finding that the CI's order of a beer and Ms. Morris's subsequent delivery of that beer was a completed sale. BSE cites *LaRue v. 1817 Lake Inc.*, 966 S.W.2d 423 (Tenn. Ct. App. 1997), in which we decided that "furnishing" intoxicants is not the same as a sale of intoxicants and that if the General Assembly had meant for the statute to include "furnishing" intoxicants, it would have clearly provided for that in the language of the statute. BSE argues that the situation in the present case is analogous to the situation in *LaRue* and that the beer was merely furnished, since the CI never intended to consume or pay for the beer. For the reasons set forth below, we disagree with BSE's argument and affirm the judgment of the trial court.

The Athens City Municipal Code does not define the term "sale," but several provisions within Tennessee's Uniform Commercial Code establish the definition of a "sale." Tenn. Code Ann. § 47-1-101, et seq. For a sale to occur, there must be a *seller*, which is defined as someone who sells or contracts to sell goods, and a *buyer*, which is defined as someone who buys or contracts to buy goods. Tenn. Code Ann. § 47-2-103(1) (emphasis added). Then, a sale occurs when title passes from the seller to the buyer for a price. Tenn. Code Ann. § 47-2-106(1). This can also be in the form of a "present sale," which is accomplished by making a contract. *Id*. Further, title passes from the seller to the buyer "at the time and place at which the seller completes performance with reference to the physical delivery of goods," unless otherwise explicitly agreed upon by the parties. Tenn. Code Ann. § 47-2-401(2). These are the basic elements of a sale according to Tennessee law.

On the date of the TABC operation, the CI and Ms. Morris entered into a "present sale." This occurred when the CI made an offer to purchase the beer and then Ms. Morris accepted her offer when she entered the beer order into the computer and rang it up for the price beer was selling for at that time. The sale was completed after title passed to the CI, the buyer, when Ms. Morris, the seller, made the physical delivery of the beer to the CI. Payment upon delivery is not necessary in order to establish that a sale occurred.

Tennessee case law establishes that the elements of a sale are "(1) transfer of title or possession, or both of (2) tangible personal property, for a (3) consideration." *Volunteer Val-Pak v. Celauro*, 767 S.W.2d 635, 636 (Tenn. 1989). *See also Colemill Enters., Inc. v.*

*Huddleston*, 967 S.W.2d 753, 757 (Tenn. 1998); *Mast Adver. & Publ'g, Inc. v. Moyers*, 865 S.W.2d 900, 902 (Tenn. 1993); *Nashville Clubhouse Inn v. Johnson*, 27 S.W.3d 542, 544 (Tenn. Ct. App. 2000). These elements are consistent with the elements set out by Tennessee's Uniform Commercial Code and are also present in the case at bar. There was a transfer of title or tangible personal property when Ms. Morris delivered the beer to the CI and this was done for consideration, since Ms. Morris charged the CI the price of beer at that time.

Nowhere in Tennessee law or applicable case law is payment a requirement for a sale to be complete. Instead, the buyer's failure to pay when payment is due allows the seller to collect the price for the accepted goods. Tenn. Code Ann. § 47-2-709(1)(a). Therefore, BSE is allowed to collect payment for the unpaid beer, just as it would be able to collect payment from anyone who lawfully purchased something at the restaurant and left without paying for it. Thus, unless the parties expressly require pre-payment, a sale is completed without payment so long as the elements set forth above have been met.

## V. CONCLUSION

The judgment of the trial court is affirmed, and this case is remanded for enforcement of the court's judgment and collection of costs assessed below. Costs of the appeal are taxed to the appellant, Blair Strong Enterprises, LLC.

_____
JOHN W. McCLARTY, JUDGE